

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD–0354–12

### THE STATE OF TEXAS

v.

### CARL ALAN BENNETT, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**MEYERS, J.,** filed a dissenting opinion.

### DISSENTING OPINION

Bennett filed a motion for new trial claiming that his counsel was ineffective for failing to challenge the indictment on the basis that the two-year statute of limitations barred his aggravated-assault charge. The trial judge said that he would not have granted a motion to quash if one had been filed because he believed the statute of limitations to be three years, but he granted the motion for new trial because defense counsel should have preserved the issue for appellate review. The State appealed the trial court's decision and

the court of appeals reversed, holding that, "Because the law is, at best, unsettled as to whether the two-year statute of limitations applies to aggravated assault, the trial court did not have discretion to grant a new trial based on failure to preserve that claim for appellate purposes." *State v. Bennett*, No. 05-11-00252-CR, 2012 Tex. App. LEXIS 24 at *10 (Tex. App.–Dallas January 4, 2012) (not designated for publication).

The majority overlooks the question of whether the trial judge abused his discretion. I disagree with the court of appeals that it was an abuse of discretion for the trial judge to grant a new trial in this case. How can it be an abuse of discretion when there is uncertainty in the law? To me, the fact that the law regarding the statute of limitations was unsettled at the time of the trial indicates that the trial judge did not abuse his discretion in granting a new trial.

I would hold that the court of appeals erred in reversing the trial court's order granting a new trial. Because the majority affirms the court of appeals, I respectfully dissent.

Filed: November 27, 2013

Publish